Manuel Enos
  vs                Law No. 1772
John D. Enos

RESCRIPT
March 18, 1927

WALSH, J. This is a suit by a father against the son to recover the amount of $3400 and interest, evidenced by seventeen promissory notes of $200 each which were all overdue at time of the issue of the writ. The son set up in defense an alleged agreement or understanding with the father whereby he claimed the father agreed to "wait for" his money until the son had paid for some necessary expenditures on the farm which the son was then conducting.

The evidence showed that the father owned a farm in Cranston, R. I., and had been engaged in producing milk thereon up to April 1, 1923; that up to April 1, 1923, the son had owned and operated the distributing and selling end of the farm business in cooperation with the father; that on said date, the father sold on lease the producing end of the business to the son and received $5000 in the form of twenty-five promissory notes, each for $200, payable at monthly intervals until June 15, 1925, the due date of the last note in the series. The son paid eight of these notes and this suit is to recover on the remaining seventeen.

The defendant introduced evidence tending to show that the father exercised supervision and some control over the farm after the sale of the business to the son; that he advised with and counseled the son as to improvements in the house, the purchase of cattle and of a tractor, the inoculation of the herd for the tuberculin test, so called; that he endorsed notes for the son for the purpose of taking care of the payment for these obligations; that said notes and loans amounted to more than $5000; that both father and son knew and agreed that the gross amount of money that the son would be able to pay towards the reduction of his indebtedness for all purposes, including the payment of his father's notes, was $200 per month. The son further claimed that the father agreed to wait for his money until the tuberculin test was completed and that the third and final inoculation of the cattle under this test had not been made by the Government officials at the time the writ in this case issued, although it was liable to take place at any time, dependent upon the decision of the Bureau of Animal Industry. The father denied any understanding or agreement with the son as to deferring payment on the notes and insisted that the notes were to be paid when due and that they were not so paid.

The case was submitted to the jury on one question, viz: "Was there an agreement by the father to defer payment of the notes?" as claimed by the son. The jury found that there was such an agreement and returned its verdict for defendant on his plea in abatement.

While the issue raised by the plea in abatement might well have been determined by filing a petition in equity, as there was a square conflict on the facts alleged in the plea, we deemed it expedient to allow the jury to pass upon the dispute in the first instance. Their finding, of course, means that the father is compelled to

wait until the final inoculation of the herd on the tuberculin test before he can compel the payment of his notes, etc.

We can not say that the finding of the jury was not justified by the evidence.

Motion for new trial denied.

For Plaintiff: Quinn, Kernan & Quinn.

For Defendant: Sullivan & Sullivan.